UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOY E. KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:07-CV-003 (CEJ) |
| ) | |
| MICHAEL J. ASTRUE, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon plaintiff Joy King's motion for attorney's fees under the Equal Access to Justice Act. Defendant opposes the motion and the issues have been fully briefed.

Plaintiff brings this motion to recover attorney's fees incurred opposing a final determination by the Commissioner for the Social Security Administration that plaintiff did not qualify for disability benefits due to her mental condition. Plaintiff now seeks recovery of attorney's fees as a prevailing party under the Equal Access to Justice Act (EAJA), 28 U.S.C.A. § 2412.

I. **Background**

On January 3, 2007, plaintiff filed a complaint in this Court seeking judicial review of the final decision of the Commissioner of the Social Security Administration as provided for in 42 U.S.C.A. § 405(g). The Commissioner upheld an ALJ's determination that the plaintiff did not qualify for disability benefits. On March 5, 2008, this Court entered an order denying the relief sought by plaintiff and finding that the Commissioner's decision was supported by substantial evidence on the record as a whole. Plaintiff filed a timely notice of appeal. On April 28, 2009 the Court of Appeals

for the Eighth Circuit reversed, holding that the ALJ improperly relied upon the Medical-Vocational Guidelines (the grids) where plaintiff had a "severe mental non-exertional impairment." King v. Astrue, 564 F.3d 978 (8th Cir. 2009).

In its reversal, the Eighth Circuit based it's decision upon what it considered to be "squarely on point and binding precedential authority" holding that a severe mental impairment precludes the agency's reliance upon the grids where a claimant could not return to her past relevant work. Id. at 979 (citing Wheeler v. Sullivan, 888 F.2d 1233, 1238 (8th Cir.1989); Vincent v. Apfel, 264 F.3d 767, 769-70 (8th Cir.2001)). The Eighth Circuit noted and the parties do not dispute that neither party had cited or discussed the Wheeler case or similar precedent prior to the April 28, 2009 opinion. Although the Eighth Circuit determined that indistinguishable binding legal precedent required a finding in favor of the plaintiff, Circuit Judge Loken, in a dissent, characterized the court's decision as contrary to most recent Eighth Circuit decisions and based upon dicta from Wheeler.

Following the Eighth Circuit's opinion, the Commissioner petitioned for rehearing by the panel, for rehearing en banc and for a writ of certiori for review by the United States Supreme Court. Each of these petitions were denied. Plaintiff then filed this motion for attorney's fees as the prevailing party under the EAJA, alleging that the government's position was not substantially justified. The Commissioner opposes this motion arguing that its position was justified based upon the novel nature of its claims and the unsettled state of the governing law.

II. Legal Standard

The Equal Access to Justice Act provides that a prevailing party may recover attorney's fees in an action against the government if the government's position was not "substantially justified." 28 U.S.C.A. § 2412. Substantially justified means

"justified to a degree that could satisfy a reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988). A substantially justified position need not be correct so long as "a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." Id. at 566, n. 2; see also Brouwers v. Bowen, 823 F.2d 273, 275 (8th Cir.1987) (holding that the government's position must be "clearly reasonable, well founded in law and fact, solid though not necessarily correct").

The government bears the burden of showing that its position was substantially justified. Friends of the Boundary Waters Wilderness v. Thomas, 53 F.3d 881, 885 (8th Cir.1995). And the simple fact that the government lost does not create a presumption that its position was not substantially justified, although a string of losses or successes can be indicative. H.R. REP. 96-1418; Pierce, 487 U.S. 552, 569. Finally, where the government's position survives summary judgment, it has been presumed to be substantially justified. See U.S. v. Thouvenot, Wade & Moerschen, Inc., 596 F.3d 378 (7th Cir. 2010) (citing EEOC v. Liberal R-II School District, 314 F.3d 920, 926 (8th Cir.2002)).

Section 2412 also provides that other "special circumstances" may make an award of attorney's fees unjust. 28 U.S.C.A. § 2412(d)(1)(A). The legislative history of the EAJA elaborates on these "special circumstances", explaining that the purpose of the act was to eliminate the prohibitive effect of litigation costs to a prevailing private party, but also allow the government to argue novel and unsettled issues without risking the entire cost of the litigation. House Judiciary Committee Report, H.R. REP. 96-1418; See also Cornella v. Schweiker, 741 F.2d 170, 172 (8th Cir.1984). The Committee Report states:

> This 'safety valve' helps to insure that the government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts. It also gives the court

discretion to deny awards where equitable considerations dictate an award should not be made.

H.R. REP. 96-1418. at 11. Consistent with this rationale, the court may, at its discretion, reduce or deny an award for fees to the extent that the prevailing party engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy. 28 U.S.C.A. § 2412(d)(1)(D).

### III. Discussion

Although plaintiff ultimately prevailed, the Court concludes that the Commissioner's position throughout this litigation was substantially justified up until the Eighth Circuit's decision in King v. Astrue, 564 F.3d 978 (8th Cir. 2009). After that point, the government's attempts to seek rehearing or appeal were not advancing "novel but credible extensions and interpretations of the law." H.R. REP. 96-1418. at 11. Instead, the government was seeking the reversal of a clear rule set forth by the Eighth Circuit which it felt was important enough to its continuing enforcement efforts to challenge. Because plaintiff had an obligation to respond to government's petitions for rehearings and appeal, all of which were denied, it is also the prevailing party against the Commissioner's position which was not substantially justified. Therefore, plaintiff will be awarded attorney's fees incurred after the court of appeals' April 28, 2009 decision.

### A. Fees Incurred Prior to Eighth Circuit Reversal

Prior to the Eighth Circuit's reversal and adoption of a clear rule favoring the plaintiff, the Court finds that the government's position was substantially justified . In addition, the Court finds that "special circumstances" or equitable concerns also make an award of attorney's fees unjust. Having prevailed at the district court level, the Commissioner was justified in defending the judgment in its favor. Neither this Court's

original opinion, nor the dissent from the Eighth Circuit panel's reversal conclusively establishes that the Commissioner's position was substantially justified. See U.S. S.E.C. v. Zahareas, 374 F.3d 624 (Eighth Cir. 2004); Friends of the Boundary Waters Wilderness, 53 F.3d at 885. However, both of these procedural events are properly considered as "objective indicia" of the reasonableness of the Commissioner's position in this litigation. Pierce, 487 U.S. at 568-69. Moreover, unlike the government's conduct in both Zahareas and Friends of the Boundary Waters, the Commissioner did not engage in any conduct which undermined the reasonableness of its position such as continually altering its legal theory or failing to adequately investigate plaintiff's claims. Based upon the record as a whole the Commissioner's actions were reasonable and its position was substantially justified.

Further, the government's legal basis and underlying action were reasonable given the novel nature of this case and the unsettled controlling law. The Commissioner, the ALJ, this Court, and Judge Loken in his dissent relied upon the reasoning in Thompson v. Bowen, 850 F.2d 346, 349-50 (Eighth Cir.1988), to conclude that the an ALJ may utilize in grids in determining whether a claimant is disabled after finding that a non-exertional impairment does not significantly diminish the claimant's ability to perform the full range of activities listed in the grids. See id.; Ellis v. Barnhart, 392 F.3d 988 (Eighth Cir.2005) (in both Thompson and Ellis the non-exertional impairment was pain). Judge Loken also found "the vast majority" of prior Eighth Circuit law supported this position. King, 564 F.3d at 981. In finding this approach inappropriate with respect to "severe mental impairments," the Eighth Circuit rejected the Commissioner's position that pain was a mental impairment and held Thompson distinguishable and inapplicable to sever mental impairments. Although the Commissioner's arguments were ultimately found to be inadequate, the

Commissioner's position was a "novel but credible" extension or interpretation of the law. As contemplated by the legislative commentary on the EAJA, this is not a case where the government should be deterred rigorous enforcement which was substantially justified both by the procedural posture of the case and the unclear governing law.

Finally, plaintiff now claims that the government's position was unjustified because the Eighth Circuit cited indistinguishable binding precedent as the basis for it's holding. But this legal basis was not argued by plaintiff at the district court or appellate level. <u>King</u>, 564 F.3d at 979. The language of the EAJA provides that a court may, at its discretion, reduce or deny an award of attorney's fees where the prevailing party "engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy." 28 U.S.C.A. § 2412(d)(1)(D). The Court may also take into account equitable considerations in determining whether an award is appropriate. The court finds that the plaintiff's failure to adequately plead the issue upon which it ultimately prevailed unduly protracted the final resolution of this case. Plaintiff here finds itself in the unenviable position of arguing that the Commissioner's position was unjustified based upon precedent it never argued. Equitable concerns dictate that the plaintiff not be allowed to have its cake and eat it too. As such, plaintiff shall not be awarded attorney's fees incurred prior to the April 28, 2009 opinion issued by the Eighth Circuit.

### B. <u>Fees Incurred After Eighth Circuit Reversal</u>

In light of the statutory language and legislative commentary of the EAJA, the court finds that the government's position was not substantially justified after the Eighth Circuit set forth a clear rule dictating reversal in favor of the plaintiff. At this point, the Commissioner was no longer forwarding a "novel but credible extension or

interpretation" of the law. H.R. REP. 96-1418. at 11. The Commissioner admitted its position after the Eighth Circuit's opinion was not only motivated by the stakes in the present case, but by all future applications of the rule. This litigation position goes beyond "rigorous enforcement" as contemplated by the EAJA and runs contrary to the purpose of the EAJA. A private party does not have to bear the costs of opposing a governmental attempt to reverse clear precedent unless it loses. Both parties being aware of what the Eighth Circuit considered applicable binding precedent, the government's position was no longer substantially justified, did not qualify under any "special circumstance" and cannot be saved by the infirmaries of plaintiff's own litigation conduct.

Based upon plaintiff's accounting of hours expended in this cased after the April 28, 2009 order, 16.25 attorney hours were spent in opposing the Commissioners petitions for rehearing and appeal. Section (d)(2)(A)(ii) of the EAJA provides that attorney's fees can be awarded at $125.00 per hour, but specifies that the court may increase this amount based upon cost of living increases. Taking into account an increase in the Consumer Price Index since the 1998 amendment to this section as provided by plaintiff, the Court finds that the current hourly rate provided by statute is $167.48 per hour. Therefore, the plaintiff shall be awarded $2,721.55 (16.25 hours x $167.48 per hour) for attorney's fees incurred in opposing a governmental position which was not substantially justified.

### III. Conclusion

For the foregoing reasons, the Court concludes that the plaintiff is a prevailing plaintiff for the purposes of the EAJA, 28 U.S.C.A. § 2412, but that the Commissioner was substantially justified in its position prior to April 28, 2009. "Special circumstances" and equitable concerns preclude an award of attorney's fees prior to

April 28, 2009. However, the Commissioner's position was not substantially justified in seeking rehearing and appeal. Thus, plaintiff, as the prevailing party, is entitled to an award of fees incurred after April 28, 2009.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's first amended application for attorney's fees under the Equal Access to Justice Act [#39] is **granted** in part, **denied** in part.

**IT IS FURTHER ORDERED** that the defendant shall pay $2,721.55 to plaintiff for attorney's fees incurred herein.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of May, 2010.